**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| PAIGE M. KUETHER<br>25 Blueberry Hill Road<br>Meredith, New Hampshire 03253;<br><br>LYNN L. MONTANA<br>84 Meredith Neck Road<br>Meredith, New Hampshire 03253;<br><br>RAYMOND D. MONTANA<br>P.O. Box 438<br>Union, Maine 04562;<br><br>and<br><br>DONALD W. MONTANA<br>19708 112th Drive SE<br>Snohomish, Washington 98296,<br><br>     Plaintiffs,<br><br>v.<br><br>DIAMOND INTERNATIONAL<br>GALLERIES, LLC<br>1966 Greenspring Drive, Suite 401<br>Timonium, Baltimore County, Maryland<br>21093<br><br>and<br><br>STEPHEN A. GEPPI,<br>4040 Stewart Road<br>Stevenson, Baltimore County, Maryland<br>21153,<br><br>     Defendants. | Civil Action No.: |

**<u>COMPLAINT</u>**

Plaintiffs Paige M. Kuether, Lynn L. Montana, Raymond D. Montana, and Donald W. Montana (collectively, the "Montanas"), by their attorneys, hereby bring this civil action and allege as follows:

## INTRODUCTION

1.      The Montanas bring this action against Diamond International Galleries, LLC ("Diamond") and Stephen A. Geppi ("Geppi") for damages resulting from Diamond's and Geppi's breach of contract and unjust enrichment.

2.      The Montanas' father, Bob Montana, was the artist who drew the characters in Archie Comics.  The Montanas owned a substantial collection of original Archie artwork, consisting of original daily newspaper strips, original Sunday newspaper strips, and original comic book pages.  The original artwork dates back to 1946, and all are signed by Bob Montana.

3.      Diamond is a showplace for comics and comic character collectibles.  In 2007, Diamond purchased from the Montanas approximately 2,000 pieces of Bob Montana's original artwork, consisting of original daily newspaper comic strips, original Sunday newspaper comic strips, and original comic book pages (the "Collection").  Diamond agreed to pay the Montanas for the Collection pursuant to an Agreement for Sale of Art Collection, and Geppi personally guaranteed Diamond's payment to the Montanas.

4.      This action involves Diamond's and Geppi's breach of contract by failing to pay the Montanas for the Collection and failing to abide by other provisions of the relevant agreements.

## PARTIES

5.      Paige M. Kuether is a United States citizen and a resident of Meredith, New Hampshire.

6.        Lynn L. Montana is a United States citizen and a resident of Meredith, New Hampshire.

7.        Raymond D. Montana is a United States citizen and a resident of Union, Maine.

8.        Donald W. Montana is a United States citizen and a resident of Snohomish, Washington.

9.        Diamond International Galleries, LLC is organized under the laws of the State of Maryland with its principal place of business in Timonium, Baltimore County, Maryland. Upon information and belief, each of Diamond's members is a citizen of the state of Maryland.

10.        Stephen A. Geppi is a United States citizen and resident of Stevenson, Baltimore County, Maryland.

## JURISDICTION AND VENUE

11.        This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000 and the controversy is between citizens of different states.

12.        Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.  The Defendants are also found in this District.

## GENERAL ALLEGATIONS

### The Agreement and Guaranty

13.        On or about June 29, 2007, the Montanas entered into an Agreement for Sale of Art Collection (the "Agreement") with Diamond, whereby Diamond agreed to pay to the Montanas one million dollars ($1,000,000) in exchange for certain original Archie artwork, consisting of original daily newspaper strips, original Sunday newspaper strips,

and original comic book pages (the "Collection").  The Agreement provided for Diamond to make to the Montanas four payments of two hundred fifty thousand dollars ($250,000), due each year on the first of June from 2007 to 2010.   At the time the Agreement was executed, Diamond took possession of the Collection.  A true and correct copy of the Agreement is attached hereto as Exhibit 1.

14.     The Agreement required Diamond to cause Stephen A. Geppi, the founder and chief executive officer of Diamond, to enter into a binding personal payment guaranty to assure Diamond's full and prompt payment of the Collection's purchase price.

15.     Mr. Geppi executed a Personal Guaranty of Payment (the "Guaranty") on or about June 29, 2007, unconditionally promising to promptly and personally pay any or all of the four annual installment amounts due to the Montanas, should Diamond fail to make any payment due under the Agreement.  A true and correct copy of the Guaranty is attached hereto as Exhibit 2.

16.     Paragraph 1(a) of the Guaranty provides that in the event that Diamond fails to make any payment due under the Agreement, the Montanas shall provide written notice to Geppi that payment has not been paid ("Payment Due").  Paragraph 1(a) of the Guaranty further provides that Geppi shall pay the full amount of such Payment Due to the Montanas within thirty (30) calendar days of such written notice.

17.     Paragraph 4 of the Guaranty provides that if Geppi fails to satisfy any Payment Due within thirty (30) calendar days of such written notice pursuant to Paragraph 1(a) of the Guaranty, an event of default shall be deemed to have occurred ("Default").

18.     Paragraph 6 of the Guaranty provides that upon the occurrence of an event of default, all amounts and obligations remaining due to the Montanas under the Guaranty

and the Agreement shall be immediately and automatically accelerated.  Paragraph 6 of the Guaranty further provides that Geppi shall deliver such amounts due to a third-party escrow agent, and such funds shall be maintained by the escrow agent and dispensed to the Montanas in accordance with the terms of the Guaranty.

19.         Paragraph 5 of the Guaranty states that if Geppi fails to pay any amount within twenty (20) calendar days after the date on which it is due under the Guaranty, Geppi agrees to pay a late charge of five percent (5%) of the delinquent amount.

20.         Paragraph 8(b) of the Guaranty provides that Geppi agrees to pay and shall be liable for any and all costs and expenses, including attorney's fees, incurred by the Montanas as a result of enforcing the Guaranty.

### *Diamond Fails to Make Payment to the Montanas and Geppi Refuses to Guaranty the Payment*

21.         Diamond failed to make the third of four $250,000 payments to the Montanas, which was due on June 1, 2009, leaving a balance of five hundred thousand dollars ($500,000.00) owed to the Montanas.

22.         By letter dated June 15, 2009, Geppi and Diamond were provided with notice of Diamond's failure to make payment, satisfying the notice requirement of Paragraph 1(a) of the Guaranty.  A true and correct copy of the June 15, 2009 letter is attached hereto as Exhibit 3.

23.         By letter dated July 22, 2009, Geppi was served with written notice that neither Diamond nor Geppi had satisfied the $250,000 payment due on June 1, 2009, that Diamond and Geppi were in Default pursuant to Paragraph 4 of the Guaranty, and all remaining amounts due were accelerated. Pursuant to Paragraphs 4 and 6 of the Guaranty, Geppi was instructed to cure the Default within twenty (20) days, or deliver the

remaining $500,000.00 payment due to an escrow account.  A true and correct copy of the July 22, 2009 letter is attached hereto as Exhibit 4.

24.　　　By letter dated August 18, 2009, Geppi was informed that he had not cured the Default within twenty (20) days of the July 22, 2009 notice, that the remaining $500,000.00 payment due was accelerated, and was instructed to deliver the remaining $500,000.00 payment due to an escrow account, pursuant to Paragraphs 4 and 6 of the Guaranty.  A true and correct copy of the August 18, 2009 letter is attached hereto as Exhibit 5.

25.　　　Subsequent to the August 18, 2009 letter, Geppi and Diamond informed the Montanas that they would not comply with the Montanas' demands.

## <u>COUNT I</u>

### *Breach of Contract Against Diamond*

26.　　　Plaintiffs repeat and reallege each and every allegation contained in ¶¶ 1 through 25 above with the same force and effect as if fully set forth herein.

27.　　　In 2007, Diamond and the Montanas entered into a valid, enforceable contract whereby Diamond agreed to pay the Montanas one million dollars ($1,000,000.00) in exchange for the Collection.

28.　　　Diamond has failed to make payments pursuant to the Agreement as and when required, and Diamond owes the Montanas five hundred thousand dollars ($500,000.00).

29.　　　By letters dated June 15, 2009, June 22, 2009, and August 18, 2009, the Montanas advised Diamond and Geppi of the Defaults under the Agreement and the fact that full payment of the obligations owed to the Montanas by Geppi and Diamond was required immediately.

30.        Despite lawful demand for payment of all amounts due and payable under the Agreement, Diamond has failed and refused to make such payment to the Montanas, and that failure and refusal is a material breach of the Agreement.

31.        As of August 11, 2009, Diamond owed five hundred thousand dollars ($500,000.00) to the Montanas on account of the Agreement.

32.        The Montanas have satisfied all conditions precedent to bringing this lawsuit against Diamond.

33.        As a direct and proximate result of Diamond's material breach, the Montanas have been damaged in an amount in excess of five hundred thousand dollars ($500,000.00).

### COUNT II

#### *Breach of Contract Against Geppi*

34.        Plaintiffs repeat and reallege each and every allegation contained in ¶¶ 1 through 33 above with the same force and effect as if fully set forth herein.

35.        In 2007, Geppi signed a valid, enforceable Guaranty, guaranteeing each of the obligations of Diamond to the Montanas pursuant to the Agreement.

36.        By letters dated June 15, 2009, June 22, 2009, and August 18, 2009, the Montanas advised Diamond and Geppi of the Defaults under the Agreement and the Guaranty and the fact that full payment of the obligations owed to the Montanas by Geppi and Diamond was required immediately.

37.        Despite lawful demand for payment of all amounts due and payable under the Agreement and the Guaranty, Geppi has failed and refused to make such payment to the Montanas, and that failure and refusal is a material breach of the Guaranty.

38.         As of August 11, 2009, on account of the Guaranty, Geppi owed the Montanas

five hundred thousand dollars ($500,000.00), plus a 5% late charge of twenty five

thousand dollars ($25,000.00), plus the costs of collection, including attorneys' fees.

39.         The Montanas have satisfied all conditions precedent to bringing this lawsuit

against Geppi.

40.         As a direct and proximate result of Geppi's material breach, the Montanas have

been damaged in an amount in excess of five hundred thousand dollars ($500,000.00).


WHEREFORE, the Montanas respectfully demand a judgment in their favor and

respectfully request that this Court:

(a)     Enter judgment for the Plaintiffs against Diamond on Count I;

(b)     Enter judgment for the Plaintiffs against Geppi on Count II;

(c)     Award Plaintiffs damages against Diamond and Geppi, jointly and severally, in

the amount of five hundred thousand dollars ($500,000.00) for breach of the

Agreement and Guaranty,

(d)     Award Plaintiffs damages against Geppi in the amount of twenty five thousand

dollars ($25,000.00) pursuant to the late charge provided for in the Guaranty;

(e)     Award Plaintiffs damages against Geppi for fees, costs and expenses of collection

of the amounts due under the Agreement and the Guaranty, including but not

limited to, attorneys' fees as provided for in the Guaranty; and

(f)     Grant Plaintiffs such other and further relief as the Court deems just and proper.


**TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

Dated: November 9, 2009                    _____/s/ Eric C. Rusnak_____
                                           Eric C. Rusnak (Bar # 29027)
                                           Charles Lee Eisen (MD Bar # 02538)
                                           K&L GATES LLP
                                           1601 K Street, NW
                                           Washington, DC 20006
                                           Tel: 202-778-9000
                                           Fax: 202-778-9100
                                           eric.rusnak@klgates.com
                                           charles.eisen@klgates.com

                                           *Counsel to Plaintiffs Paige M. Kuether,*
                                           *Lynn L. Montana, Raymond D. Montana,*
                                           *and Donald W. Montana*